## ABRAM LAPHAM, Commissioner, &c., *vs.* ALFRED RICE, Commissioner, &c.

The provisions of title 4 of part 2 of the Code are not applicable to suits commenced in a court of a justice of the peace.

The provisions in that title contained, in regard to the place of trial of actions, are expressly made subject to the power of the court to change the place of trial, in the cases provided by statute, and cannot be considered as applicable to justices' courts, which have not the power to change the place of trial.

Although section 8 of the Code declares, in general terms, that the first four titles of part 2 relate to actions in all the courts of the state, this must be understood to mean—so far as they are applicable to the practice and powers of any such courts.

MOTION for a re-argument. For a statement of the facts, see *S. C.* 63 *Barb.* 485; 55 *N. Y.* 472.

*S. S. Spring*, for the motion.

*I. S. Johnson*, opposed.

*By the Court*, TALCOTT, J. The counsel for the respondent is in error in supposing that the court overlooked the provisions of the Code in regard to the place of the trial of actions. The whole of the fourth title of the second part of the Code was considered, and we were of the opinion that the provisions of that title

Lapham *v.* Rice.

could not be deemed applicable to suits commenced in a court of a justice of the peace. The provisions in that title contained, in regard to the place of trial of actions, are expressly made subject to the power of the court to change the place of trial, in the cases provided by statute, and cannot, as we think, be considered as applicable to the court of a justice of the peace, which has not the power to change the place of trial. It is true the eighth section of the Code declares, in general terms, that the first four titles of part 2 relate to actions in all the courts of the state. This must, we think, be understood to mean, so far as they are applicable to the practice and powers of any of such courts. If sections 124 and 125 of the fourth title are applicable to a court of a justice of the peace, so also must be section 126, which confers upon the court the power to change the place of trial where the county designated for that purpose in the complaint is not the proper county, and for other reasons.

It has never been supposed that a court of a justice of the peace has power to change the place of trial of an action brought in that court.

The sixth title of part 1 of the Code is entitled "Of Courts of Justices of the Peace;" by the fifteenth subdivision of section 64 of that title are enumerated such of the provisions of the Code as are applicable to those courts; and by that subdivision the provisions respecting the forms of action, the parties to actions, and the times of commencing actions, which constitute the first three titles of part two are made applicable to courts of justices of the peace; while the fourth title is omitted. We think this, taken in connection with the nature of the provisions of title four of part two, clearly indicates the intention of the legislature that the provisions of that title should not apply. Justices' courts having been fully provided for, in part first, and the general provisions of the Code applicable to such courts having

been there expressly specified, we think courts of justices of the peace were not intended to be embraced in the declaration contained in the eighth section, as to the applicability of the first four titles of part two.

As this is a new question, and the provisions of the Code bearing upon it are not free from ambiguity, it may be a proper case to be determined by the court of last resort.

Motion for re-argument denied, but leave given to the plaintiff to appeal the case to the Court of Appeals.

